UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**India Oshea MOORE,** *et al*.  **PLAINTIFFS**

v.  **CIVIL ACTION NO. 3:18-CV-470-CRS**

**LOUISVILLE METRO POLICE**
**OFFICERS CREDIT UNION, and**
**Josephine CROWE**  **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This case is before the Court on the National Credit Union Administration's ("NCUA") motion to dismiss. DN 4. Plaintiffs India Moore, Enrico Clarkson, and Antonio Brown filed this lawsuit on July 18, 2018, claiming that Defendant Josephine Crowe mismanaged and misappropriated client funds, giving rise to numerous state and federal law claims against her and her employer, Defendant Louisville Metro Police Officers Credit Union ("LMPOCU"). DN 1 at 1–2. However, at that time, LMPOCU no longer existed. LMPOCU was placed into conservatorship on December 17, 2017 and involuntary liquidation due to insolvency on June 29, 2018. DN 4-1. During that process, NCUA was appointed as conservator and liquidating agent. *Id*. Therefore, NCUA, rather than LMPOCU, is the proper defendant.

On September 10, 2018, NCUA filed a motion to dismiss, claiming that Plaintiffs had not exhausted the required administrative remedies and, regardless, had failed to state a claim on which relief can be granted. DN 4. Plaintiffs requested additional time to respond to the argument regarding administrative remedies. DN 7. The Court granted that motion. DN 11. However, rather than file a response to the motion, Plaintiffs filed a motion to amend their complaint. DNs 12, 13. The only proposed changes involve replacing "LMPOCU" with "LMPOCU/NCUAB." In no way does the amended complaint address the issue of exhaustion.

1

Pursuant to the Federal Credit Union Act, NCUA is given authority to determine claims against the liquidated credit union. 12 U.S.C. § 1781(b)(3). NCUA has procedures in place to hear those claims. 12 U.S.C. § 1787(b)(5). Once those procedures are followed, the district court where the credit union has its principal place of business may exercise review. 12 U.S.C. § 1787(b)(6)(A). However, if those procedures are not followed, no court may exercise review. 12 U.S.C. § 1787(b)(13)(D).

Further, NCUA is an independent agency created under the executive branch. 12 U.S.C. § 1752a(a). As a result, it is a "Federal agency" falling within the Federal Tort Claims Act. 28 U.S.C. § 2671. The FTCA also requires exhaustion of administrative remedies before tort claims may be brought against federal agencies. 28 U.S.C. § 2675(a). Compliance with the FTCA is mandatory and jurisdictional. *Harris v. City of Cleveland*, 7 F. App'x 452, 458 (6th Cir. 2001).

Here, it does not appear that Plaintiffs exhausted administrative remedies. They seem not to contest that point. Therefore, this Court lacks jurisdiction and NCUA's motion to dismiss (DN 4) is **GRANTED**.[1] The proposed amended complaint does nothing to change this analysis and would be futile. Therefore, Plaintiffs' motion to amend (DNs 11, 12) is **DENIED**.

December 13, 2018

           **Charles R. Simpson III, Senior Judge**
           **United States District Court**

---

[1] Due to its holding on the administrative remedies issue, the Court need not address the 12(b)(6) motion. However, the Court sees no reason its holding would differ from *Campos v. Louisville Metro Police Officers Credit Union*, 3:18-CV-196-CRS, 2018 WL 4760501 (W.D. Ky. Oct. 2, 2018).